UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
GREGORY M. STARR, : CASE NO. 1:17 CV 1702
:
       Plaintiff, :
:
vs. : OPINION & ORDER
:
THE STATE OF OHIO, *et al.*, :
:
:
       Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Seeking to proceed *in forma pauperis, pro se* Plaintiff Gregory Starr filed this action seeking a "Writ of Prohibition and Mandamus" against the State of Ohio and the United States Department of Health and Human Services. (Doc. No. 1.) Because the Plaintiff's Complaint does not set forth intelligible allegations or discernibly set forth the relief sought, the Court entered an order on October 20, 2017, allowing the Plaintiff 28 days to file an amended pleading clearly setting forth his claims in accordance with Fed. R. Civ. P. 8. This order was mailed to the Plaintiff at the address he provided.

    More than twenty eight days have now passed, but the Plaintiff has not filed an amended pleading. Although the standard of review for *pro se* pleadings is liberal, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.

1985).  *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).  Federal district courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010).  To state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim under" § 1915(e)(2)(B)).

The vague and unclear legal assertions and conclusions set forth in the Plaintiff's Complaint are unintelligible to the Court and are insufficient to suggest he might may have any plausible federal claim against the Defendants on which the Court may grant relief.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).  Accordingly, the Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but his Complaint is now dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: December 5, 2017　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE